[ECF No. 30]

Neal Walters (020901993)
Casey Watkins (060122014)
BALLARD SPAHR LLP
700 East Gate Drive, Suite 330
Mount Laurel, NJ 08054-0015
(856) 761-3400
(856) 761-1020 fax
waltersn@ballardspahr.com
watkinsc@ballardspahr.com

*Attorneys for Respondents Subaru of America, Inc.,*
*Subaru Corporation, and North American Subaru, Inc.*

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VALEO SYLVANIA LLC N/K/A VALEO NORTH AMERICA, INC., *Petitioner*, v. SUBARU OF AMERICA, INC., SUBARU CORPORATION F/K/A FUJI HEAVY INDUSTRIES, LTD., and NORTH AMERICAN SUBARU, INC. *Respondents*. | Civil Action No. 1:26-cv-02630-ESK-SAK |

**ORDER GRANTING SUBARU OF AMERICA, INC.'S, SUBARU
CORPORATION'S, NORTH AMERICAN SUBARU, INC.'S, AND
VALEO NORTH AMERICA, INC.'S JOINT MOTION TO SEAL EXHIBITS
RELATED TO PETITIONER'S MOTION TO COMPEL AND RESPONDENTS'
OPPOSITION TO SUCH
MOTION AND CROSS-MOTION TO QUASH AND JOINT MOTION TO
<u>SUBSTITUTE EXHIBIT 16 TO DAWSON DECLARATION</u>**

THIS MATTER having come before the Court, upon Subaru of America, Inc.'s,

Subaru Corporation's, and North American Subaru, Inc.'s ("Subaru") and Valeo North

America, Inc.'s ("Valeo") (the "Parties") motion to seal (i) Exhibit 21 filed under seal in

- 1 -

support of the Brief in Support of Valeo North America, Inc.'s Motion to Compel Discovery from Subaru of America, Inc., Subaru Corporation, and North American Subaru, Inc. ("Motion"), filed on March 13, 2026, as ECF No. 1-26; (ii) Exhibit 22 filed under seal in support of the Motion, filed on March 13, 2026, as ECF No. 1-27; (iii) Exhibit E filed under seal in support of Respondents' Consolidated Brief in Opposition to Motion to Compel and in Support of Cross-Motion to Quash ("Opposition"), filed on April 6, 2026, as ECF No. 17-1; (iv) Exhibit F filed under seal in support of the Opposition, filed on April 6, 2026, as ECF No. 17-2; (v) Exhibit G filed under seal in support of the Opposition, filed on April 6, 2026, as ECF No. 17-3; (vi) Exhibit H filed under seal in support of the Opposition, filed on April 6, 2026, as ECF No. 17-4; and (vii) Exhibit I filed under seal in support of the Opposition, filed on April 6, 2026, as ECF No. 17-5, with the consent of all parties, and the Court having considered submissions in support of Subaru's and Valeo's Motion to Seal pursuant to L. Civ. R. 5.3; and the Court having considered the parties' request for Valeo to file a substituted Exhibit 16 to the Dawson Declaration (ECF No. 2), and the Court having considered the parties' submissions:

### FINDINGS OF FACT

1. On March 13, 2026, Valeo filed a Motion to Compel Discovery from Subaru of America, Inc., Subaru Corporation, and North American Subaru, Inc. ("Motion"). ECF No. 1. The dispute arises out of discovery in connection with *Subaru of Indiana v. Valeo Sylvania LLC*, No. 24-cv-00011 (S.D. Ind.). The parties in the underlying matter entered into a Uniform Stipulated Protective Order ("Protective Order") so ordered and entered by the Honorable Kellie M. Barr, U.S.M.J., on October 22, 2024 (ECF No. 40). The Protective Order provides that "[i]n the

course of discovery in this action, the parties may be required to produce information that constitutes, in whole or in part, protected information such as trade secrets, non-public research and development, commercial or financial information, or other information that may cause harm to the producing party or a non-party. . . . including: drawings, specifications, models, quality control processes, design processes, manufacturing processes, and standards for the Impreza Headlamps; confidential financial information; trade secrets; proprietary and/or confidential business information." Protective Order, ECF No. 40 at 1. The Protective Order further provides that "[a]ny party or non-party who produces protected information in this action may designate it as 'Confidential' or 'Attorneys' Eyes Only' consistent with the terms of this Order." *Id.* at 2.

2. On March 13, 2026, in support of its Motion, Valeo filed under temporary seal Exhibits 21 and 22. ECF Nos. 1-26, 1-27.

3. Exhibit 21 contains highly proprietary and competitive business information, including Subaru's internal warranty claims administration processes, reimbursement formulas, parts markup calculations, and recall campaign administration protocols.

4. Exhibit 22 contains highly proprietary and competitive business information, including Subaru's internal processes for evaluating recall remedies and the identity of personnel involved in the recall process.

5. Valeo was required to provide such exhibits to the Court in order to properly support its arguments for the Court. Such exhibits are needed to effectively

advocate their positions, while simultaneously following the terms of the Protective Order. ECF Nos. 1-21, 1-26, 1-27; Protective Order, ECF No. 40.

6. On April 6, 2026, Subaru filed under temporary seal Exhibits E, F, G, H, and I in support of its Opposition to Valeo's Motion to Compel and in Support of its Cross-Motion to Quash. ECF Nos. 17-1–17-5.

7. Exhibit E contains highly proprietary and competitive business information, including Subaru's internal pricing data detailing unit prices at each level of its distribution chain for the headlamp assembly at issue.

8. Exhibit F contains highly proprietary and competitive business information, including a comprehensive compilation of Subaru's active retailer network with internal regional, zone, and district classifications reflecting Subaru's confidential strategies for market segmentation, territory allocation, and dealer coverage.

9. Exhibit G contains highly proprietary and competitive business information, including Subaru's internal warranty claims administration processes and recall campaign administration protocols.

10. Exhibit H contains highly proprietary and competitive business information, including Subaru's internal recall and campaign administration procedures, claims adjudication processes, and the complete operational detail of Subaru's warranty claim submission.

11. Exhibit I contains highly proprietary and competitive business information, including transaction-level dealer payment data disclosing the precise amounts Subaru reimburses an individual authorized retailer across different categories of dealer reimbursement.

12. For the reasons set forth in the Certification of Neal Walters in Support of Subaru's and Valeo's Joint Motion to Seal Exhibits Related to Petitioner's Motion to Compel and Respondents' Opposition to Such Motion and Cross-Motion to Quash ("Certification"), this Court agrees that such exhibits are confidential and should be permanently sealed.

13. The Court agrees that Subaru was required to provide such exhibits to the Court in order to properly support its arguments for the Court and they are needed to effectively advocate Subaru's positions. ECF Nos. 17-1–17-5.

14. The parties have filed an Index to the Motion to Seal in the form suggested by Appendix U of the Local Rules, which clearly addresses those factors with the foregoing materials identified on the Index with reference to the supporting certification to justify their confidential nature.

15. Additionally, on March 16, 2026, Valeo filed Exhibit 16 to the Declaration of Rian C. Dawson in support of Valeo's Motion. ECF No. 2. Exhibit 16 contains a page that includes highly confidential and/or confidential information but was not cited in Valeo's brief or relied upon by Valeo in making its Motion.

## CONCLUSIONS OF LAW

Following review of the papers submitted in support of the Motion to Seal, and for good cause shown:

16. A party seeking to seal information must demonstrate "good cause," which turns on an examination of the factors set forth in Local Civil Rule 5.3(c)(3). *Telebrands Corp. v. Newmetro Design, LLC*, 2016 U.S. Dist. LEXIS 191179, at *3–4 (D.N.J. July 18, 2016) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)).

- 5 -

17. Local Civil Rule 5.3(c) governs Motions to Seal and requires a motion that includes an index and supporting certification describing with particularity: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; and (e) the identity of any party or nonparty known to be objecting to the sealing request. *See* L. Civ. R. 5.3(c)(3).

18. The foregoing materials and information derived therefrom are "Confidential" or for "Attorneys' Eyes Only" under the Protective Order because the materials contain highly competitively sensitive technical, marketing, sales and other business information, including specifications, models, quality control processes, design processes, manufacturing processes, and standards for the headlamps at issue in this litigation, as well as confidential financial information, trade secrets, and proprietary and/or confidential business information. Protective Order, ECF No. 40.

19. The omission of the materials from the submissions made by the parties would significantly limit their ability to advocate for their positions.

20. Counsel for Subaru and Valeo have consented to this motion.

21. The Court concludes that the parties have demonstrated that this application meets the requirements of Local Civil Rule 5.3.

IT IS on this __20th__ day of __May__, 2026,

ORDERED that Subaru's and Valeo's Motion to Seal is GRANTED; and it is further

ORDERED that Exhibit 21 (ECF No. 1-26), and Exhibit 22 (ECF No. 1-27) of

- 6 -

Valeo's Motion to Compel, and Exhibits E (ECF No. 17-1), F (ECF No. 17-2), G (ECF No. 17-3), H (ECF No. 17-4), and I (ECF No. 17-5) of Subaru's Opposition to Motion to Compel and Cross-Motion to Quash shall be filed under permanent seal pursuant to L. Civ. R. 5.3.

ORDERED that the request to substitute a corrected version of Exhibit 16 to the Declaration of Rian C. Dawson is GRANTED and the current sealed version of Exhibit 16 (filed under seal at ECF No. 2) is hereby STRICKEN from the record. Valeo shall file a corrected public version of Exhibit 16 to the Declaration of Rian C. Dawson (ECF No. 1-4) and linked to Valeo's Motion to Compel on the docket. The corrected version of Exhibit 16 shall be filed by June 3, 2026.

_____
Honorable Sharon A. King, U.S.M.J.